CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 14 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| HAROLD EDGAR STRICKLAND, ) | Civil Action No. 7:11-cv-00088 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| DANVILLE CITY JAIL, et al., ) | By: Samuel G. Wilson | |
| Defendants. ) | United States District Judge | |

Plaintiff, Harold Edgar Strickland, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, naming the Danville City Jail and the Danville City Work Farm (also known as the Danville Adult Detention Center) as defendants to his action. Strickland has also moved to proceed in forma pauperis, and the court grants his motion. The court finds that Strickland's complaint fails to state a plausible claim for relief against any of the named defendants, and dismisses it without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Strickland raises three claims in his complaint. The first and second claims are against each of the two facilities that he names as defendants to this action. Strickland claims that the defendants failed to provide him with a special diet to accommodate his Crohn's disease and that this failure to provide him with a special diet has caused him bleeding and pain. Strickland also claims that he hurt his back while working for the Danville City Work Farm and that the defendant failed to provide him adequate medical treatment. However, Strickland concedes that he saw the doctor at the Danville City Work Farm and was given a heating pad for his back.

II.

Strickland has named the Danville City Jail and Danville City Work Farm as defendants. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy

statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 690 (1978). Thus, a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981). That is, the entity's official policy must have played a part in the alleged violation of federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 817–818 (1985). Although a pro se complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Here, Strickland has failed to show that official policies of the governmental entities he has named were responsible for the injuries he allegedly suffered.[1]

### III.

For the reasons stated above, the court will dismiss Strickland's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to plaintiff and counsel of record for the defendants, if known.

ENTER: March 14, 2011.

United States District Judge

---

[1] The court notes that nothing in its decision today precludes Strickland from bringing an action against those individuals he claims failed to provide him with adequate medical treatment, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.

2